■ In the Matter of the Claim of LONZO HARDEN et al., Respondents, v. VILLAGE OF AKRON, Appellant.— Orders, insofar as appealed from, unanimously reversed, without costs, and motion denied. Memorandum: On October 15, 1966 plaintiffs (husband and wife) were in a motor vehicle that was struck by another vehicle operated by a third person. Plaintiff wife (respondent herein), then 19 years of age, received serious injuries. At some undisclosed subsequent date plaintiffs retained an attorney. It is alleged that more than four months after the accident (Feb. 24, 1967) at a hearing held under the direction of the Commissioner of Motor Vehicles plaintiffs came into possession of certain facts upon which a claim of negligence against the municipality could be based. Thereafter the application of the wife was granted to file a notice of claim against the village although the 90-day period prescribed by section 50-e of General Municipal Law had elapsed. The record contains no proof that the failure to serve within the required time was by reason of physical disability or infancy as provided by the statute. Proof is required that physical incapacity prevented such action (*Matter of Liegl* v. *City of Buffalo,* 12 A D 2d 889). Respond-

ent only asserts that she received described injuries and was totally incapacitated for two months. Infancy alone is not sufficient. A cognizable relation must be established between the fact of infancy and the failure to comply with the short Statute of Limitation. (*Matter of Borowski* v. *Town of Clarence,* 19 A D 2d 580.) Here, respondent was represented by an attorney. Passengers in the automobile of plaintiffs had ascertained the facts relating to the possible liability of the municipality and had made timely claim against it. The granting of relief to respondent was an improvident exercise of discretion. (Appeal from certain parts of order of Monroe Special Term, granting permission to file claim, and appeal from order resettling first order.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.